Harveys Lake Borough Taxpayers Association, Appellant *v.* The Harveys Lake Borough Zoning Hearing Board and James P. O'Donnell, Appellees.

Argued December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*James F. Geddes, Jr., Silverblatt and Townend,* for appellant.

*Donald T. Rogers,* for intervenor/appellee, James P. O'Donnell.

OPINION BY JUDGE MACPHAIL, February 8, 1983:

Harveys Lake Borough Taxpayers Association (Appellant) has appealed from an order of the Court of Common Pleas of Luzerne County which granted a petition to strike its appeal from a decision of the Harveys Lake Borough Zoning Hearing Board (Board).

The pleadings in this case reflect that a variance was issued by the Board on or about October 30, 1980 to James P. O'Donnell (Appellee) in response to his application to remodel, repair and expand a boathouse facility. Appellant appealed that decision to the court of common pleas alleging various grounds for reversal of the Board's action. The Appellant sought to have the appeal granted "class action" status. Appellee subsequently intervened in the proceedings and filed a petition to strike the appeal, which was answered by the Appellant. Based on the pleadings before it, the court of common pleas granted the petition to strike on two grounds: 1) that there is no right to a class action appeal from a zoning hearing board decision and 2) that the Appellant was not a "party aggrieved" within the meaning of the Pennsylvania Municipalities Planning Code (MPC)[1] and, therefore, lacked standing to appeal. Appellant subsequently perfected its appeal to this Court.[2]

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

[2] Appellant filed a petition for reconsideration of the court's order which was denied by order dated October 16, 1981. Appellee claims that he never received notice that the petition had been filed.

The first issue presented for our consideration is whether the court of common pleas correctly concluded that there was no right to a class action appeal from the Board's decision. We think the court's conclusion was correct. As a rule, the right to assert class standing in an administrative proceeding should not be inferred in the absence of a specific rule or statute which confers and defines the right. *Sullivan v. Insurance Department*, 48 Pa. Commonwealth Ct. 11, 408 A.2d 1174 (1979). We have previously recognized that the MPC does not provide a procedure analogous to the class action suits permitted by the Pennsylvania Rules of Civil Procedure. *Frank v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 462, 296 A.2d 300 (1972). *Cf. Stevenson v. Department of Revenue*, 489 Pa. 1, 413 A.2d 667 (1980) (class action suits are permitted before the Board of Claims pursuant to rules of practice and procedure promulgated by that administrative board); *Pennsylvania Human Relations Commission v. Freeport Area School District*, 467 Pa. 522, 359 A.2d 724 (1976) (Section 9 of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §959, authorizes class relief). We, accordingly, conclude that Appellant would not have been entitled to seek class action status before the Board. It follows, *a fortiori*, that Appellant also could not seek class action status for the first time on appeal to the court of common pleas. It might, nevertheless, be possible for the Appellant to proceed with its appeal, not as the representative of a class, but rather in its own right if it can establish standing as a "party aggrieved" by the Board's adverse decision.

This brings us to the second issue presented in this appeal, to wit, whether the court of common pleas erred in dismissing Appellant's appeal for lack of individual standing. Appellant specifically challenges the court's finding that "no timely appearance was ever

entered of record before the Board by or on behalf of the Association...." If the court's finding is supported by the record, Appellant clearly would not possess the requisite standing to appeal to the court of common pleas.

Section 1007 of the MPC, 53 P.S. §11007, which is the appeals provision applicable to this case,[3] provides in pertinent part that, "[a]ppeals to court from the decision of the zoning hearing board may be taken by any *party aggrieved*". (Emphasis added.) Section 908(3) of the MPC, 53 P.S. §10908(3), in turn, defines a "party" as:

> [T]he municipality, any person affected by the application who has made timely appearance of record before the board, and any other person *including civic or community organizations permitted to appear by the board*. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose. (Emphasis added.)

Thus, as we have stated in a recently filed opinion, in order to attain party status, "civic or community organizations must enter or make a recognized appearance in some manner, the entry of an appearance in writing on forms provided by the board being one, but not the exclusive, method for securing that recognition." *Newtown Heights Civic Association v. Zoning Hearing Board of Newtown Township* (No. 86 T.D. 1981, filed January 28, 1983), slip op. at 2. Moreover, appearance merely as a witness is not the participation necessary to attain party status. *Dethlefson Appeal*, 434 Pa. 431, 254 A.2d 6 (1969).

---

[3] Since Appellant has not challenged the validity of the zoning ordinance and is not itself a landowner, its standing to appeal is governed by Section 1007. *Baker v. Zoning Hearing Board of West Goshen Township*, 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976).

The difficulty in the instant case with determining whether Appellant attained party status before the Board is that the record certified to us does not contain a transcription of the relevant Board hearing.[4] The court's conclusion that Appellant did not enter an appearance of record before the Board is apparently based upon the court's resolution of conflicting pleadings contained in Appellee's petition to strike and Appellant's answer thereto. Appellee's petition states that "said Taxpayers Association is neither a party nor a person aggrieved and therefore lacks standing to appeal". Appellant averred in its answer, however, that "the President of the Harveys Lake Borough Taxpayers Association appeared before the [Board] at its meeting and/or hearing of October 16, 1980 ... in his capacity as president...." Absent a record of the proceedings before the Board, we are unable to determine what evidence the court relied upon in finding that Appellant, in fact, did not appear as a party before the Board. We note that an appendix to Appellant's petition for reconsideration,[5] which Appellant represents as being a copy of the minutes of the pertinent Board hearing, indicates that Appellant did participate at the hearing through its President. A reviewing court, however, may not accept such matters as competent evidence to resolve factual issues in the absence of an agreement or stipulation of the parties that such evidence is proof of the disputed fact. Inasmuch as there was no testimony before the trial court and no official transcript of the testimony before the zoning hearing board available to the trial court, neither that court nor our own can verify the information contained in the appendix.

---

[4] The Board, of course, was required by Section 908(7) of the MPC, 53 P.S. §10908(7), to keep a stenographic record of the hearing.

[5] See footnote 2, *supra*.

In conclusion, we are unable to find evidentiary support in the record for the finding of the court of common pleas that Appellant failed to attain party status before the Board. Based on the state of the record before us, we are also unable to conclude as a matter of law that Appellant *did* participate as a party before the Board. We, accordingly, must remand for further proceedings to allow the court to determine, based on record evidence, whether or not the Appellant is a "party aggrieved" within the meaning of Section 1007 of the MPC.

### Order

The order of the Court of Common Pleas of Luzerne County, dated September 16, 1981, is hereby reversed and remanded for further proceedings consistent with the foregoing opinion.