John F. Brown, Appellant *v.* Borough Council of the Borough of Emmaus, Lehigh County, Pennsylvania, Appellee.

Argued June 6, 1985, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Joseph A. Fitzpatrick, Jr.,* with him, *Jeffrey F. Hussar, Gardner, Racines, Plunkett, Sheetz & Fitzpatrick,* for appellant.

*Charles J. Fonzone,* for appellee.

Opinion by Judge Colins, August 7, 1985:

John F. Brown (appellant) appeals an August 28, 1984 order of the Lehigh County Court of Common

Pleas, which dismissed his exceptions to an Order of Court dated September 16, 1983, denying his requested mandamus relief. The critical issue before this Court is whether appellant's application for a subdivision plan was deemed approved by the Emmaus Borough Council (Council) because of noncompliance with the mandatory notice requirements of Section 508 of the Pennsylvania Municipalities Planning Code (Code),[1] or whether presence at a public hearing on the application, plus possession of minutes from the hearing, satisfies the Code provisions. The trial court held that notice here was adequate. We disagree.

Section 508 provides in pertinent part:

(1) The decision of the governing body or planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen days following the decision; . . . .

Appellant owns a residentially zoned tract of property in the Borough of Emmaus, Lehigh County, Pennsylvania. He filed a residential subdivision application with the Borough and obtained approval from the Borough Zoning Officer and a recommendation from the Borough Planning Commission for final approval of his subdivision project. Appellant then sought final approval from the Council and the matter was discussed at five Council meetings held between June 15, 1981 and August 3, 1981 (three regular meetings and two public hearings). At the close of the August 3, 1981 hearing, appellant's subdivision plan was unanimously approved by a vote of the Council. The record of the hearing consists of extracted minutes rather than a transcript containing verbatim testimony. No official final written approval of the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

plan was ever sent to appellant, but appellant subsequently obtained the extracted minutes from his engineer.

Council argues that its approval of appellant's subdivision plan was conditioned on the fact that appellant would install and maintain a sidewalk within the subdivision's boundaries in perpetuity. This sidewalk would abut neighboring property not covered by the subdivision plan. It further contends that its minutes of the hearing, obtained by appellant, coupled with appellant's presence at the hearing, satisfied the requirement of written notice contained in Section 508 of the Code.

Appellant claims that he had no knowledge of a conditional approval. He contends that he offered to clean and maintain the sidewalk until the subdivision streets were dedicated, but that this was not a condition for approval. Appellant further argues that even if approval was conditional, the Council did not adequately comply with the notice requirements of Section 508(2) of the Code, because the conditions imposed on appellant's application changed the original plan. Such a change required the Council to site its authority or legal basis for the imposition of the condition. Sections 508(2) and (3) of the Code provide:

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. . . .

Appellant correctly contends that his application was, therefore, deemed approved by the Council.

"[A] municipality may approve a land development plan, which conforms to its regulations, subject to conditions only if the conditions are accepted by the applicant." *Montgomery Township v. Franchise Realty Interstate Corporation*, 54 Pa. Commonwealth Ct. 535, 537, 422 A.2d 897, 898 (1980). Such summarized minutes of a meeting, as offered here as proof of acceptance by appellant of the condition, are not dispositive. "A reviewing court . . . may not accept such matters as competent evidence to resolve factual issues in the absence of an agreement or stipulation of the parties that such evidence is proof of the disputed fact." *Harveys Lake Borough Taxpayers Association v. Harveys Lake Borough Zoning Hearing Board*, 71 Pa. Commonwealth Ct. 631, 635, 455 A.2d 762, 764 (1983). There is no such agreement or stipulation between the parties here and, therefore, the condition has not been accepted by appellant. "Where, as here, such conditions are not accepted by the applicant, the municipality is deemed to have rejected the applicant's plan." *Montgomery Township v. Franchise Realty Interstate Corporation*, 54 Pa. Commonwealth Ct. 535, 537, 422 A.2d 897, 898 (1980). Under Section 508(2) of the Code, the rejection of a land development plan must specify the defects in the plan and describe the requirements which have not been met, as well as the statutory authority relied on. There was no authority cited by the Borough Council relating to the imposition of a condition on appellant's subdivision project. The Council's actions here constituted an invalid rejection which is, therefore, tantamount to a deemed approval of appellant's plan under Section 508(3) of the Code.

For the reasons stated above, the order of the Lehigh County Court of Common Pleas is reversed.

## ORDER

AND Now, August 7, 1985, the order of the Lehigh County Court of Common Pleas, No. 82-C-970, dated August 28, 1984, dismissing the exceptions filed by appellant, John F. Brown, to the Court's decision of September 16, 1983, is reversed and this case is remanded to the Court of Common Pleas of Lehigh County with directions to enter judgment against the Borough Council of the Borough of Emmaus, Lehigh County, and to enter an order directing said Borough Council to approve the subdivision plans filed with it by appellant.

Jurisdiction relinquished.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent. The record shows that the condition that the appellant should build and maintain the sidewalk was set forth in an understanding between the appellant and Borough Council. Thus, the appellant was fully aware of this condition when Council memorialized it in its minutes. No new conditions were created or memorialized.

Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10508(2), providing that rejection of the terms of a land development plan must specify the defects and the statutory authority or ordinance relied on, otherwise it shall be deemed accepted, has application only where the plan had been disapproved. The reason for the rule is that the applicant be made aware of the reasons, statutorily or otherwise, for such disapproval. Where, as here, the applicant had already agreed, the reason for the rule does not apply.

Furthermore, Section 508(4) of the MPC also provides that plans may be approved subject to condi-

tions acceptable to the applicant. An applicant may not agree to conditions and then later complain that they were too vague or that the reasons for the condition were not articulated.