597 A.2d 196

**Dr. Dennis J. BONNER and Theodora Bonner, husband and wife, Appellants,**

v.

**UPPER MAKEFIELD TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Aug. 27, 1991.

Reargument Denied Oct. 22, 1991.

206

Clyde W. Waite, for appellant.

Stephen B. Harris, for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Dr. Dennis J. Bonner and Theodora Bonner (Bonners) appeal from an order of the Court of Common Pleas of Bucks County that sustained the preliminary objections of the defendant Upper Makefield Township (Township) to the Bonners' complaint in mandamus and declaratory judgment. The Bonners own a lot in the Township that has a "flag-type" configuration, with a driveway approximately 1400 feet long running from the house that they built on the rectangular portion of the property to Wrightstown Road. The property also fronts on Timber Ridge Road at one corner, and a driveway from there to the house would be approximately 600 feet long. The lot is part of a larger

area that was subdivided by Mary P. Kunkel (subdivider), from whom the Bonners purchased. The Township approved the subdivision subject to a condition that the subdivider accepted. That condition, which appears in the final recorded plan of the subdivision, states that the lot the Bonners purchased will be provided access from Wrightstown Road only. A covenant was placed in the recorded deed for that lot which states that there shall be no access to Timber Ridge Road. The Bonners now desire to build a driveway to Timber Ridge Road.

The Bonners' complaint, Count One in mandamus, requests an order directed to the zoning officer to issue a building permit for a driveway to Timber Ridge Road. Count Two in declaratory judgment seeks a declaration that the "restrictions" imposed on the property be declared null and void. The Township filed preliminary objections which assert that: (1) mandamus and declaratory judgment are not available to the plaintiffs because the Pennsylvania Municipalities Planning Code (MPC)[1] provides the exclusive means of challenging a condition of a subdivision approval; (2) the right to challenge the condition has been waived by the failure to challenge it within thirty days of its imposition; (3) the plaintiffs have failed to join the other heirs, successors and assigns of the subdivider as indispensable parties; and (4) the relief sought cannot affect the covenant in the recorded deed. Judge Edward J. Biester, Jr., after considering the pleadings and hearing informal oral argument in chambers, issued an opinion and order that sustained the preliminary objections and dismissed the complaint.

The court's opinion noted that mandamus is an extraordinary remedy that may be granted only where there is a clear legal right in the plaintiff and a corresponding duty in the defendant. *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 493 A.2d 1351 (1985). Because the plaintiffs' predecessor in this case accepted the condition,

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101 through 11202.

which acceptance is binding upon her successors, and because the plaintiffs' deed unambiguously prohibited access, the court concluded that the plaintiffs had no clear right to a permit. To the contrary, they were not entitled to it. As for the declaratory judgment count, the court said that declaratory judgment may not be used to revive artificially a finally determined legal issue. The failure of the predecessor to challenge the condition constituted a waiver that was binding on the Bonners. The restrictive covenant runs with the land and binds subsequent purchasers. Further, the plaintiffs had alleged no change in the character of the neighborhood or development, nor had they alleged that the benefit to other property owners no longer existed.

The Bonners assert that the condition is itself illegal because it does not relate to any legitimate health, safety and welfare concern, and so was beyond the power of the Township to impose. They contend that the manner of imposition of the condition was improper because the Township supervisors failed to cite to the provision of the ordinance or statute relied upon, which the Bonners assert is required by subsection (2) of Section 508 of the MPC, relating to approval of plats, 53 P.S. § 10508(2). Before we may consider the Bonners' claim that the condition was ultra vires, we must determine whether they are entitled to raise such a claim at this time.

■ As noted above, the subdivider accepted the condition. Obviously, the Bonners purchased the property with full knowledge of the existence of the restriction on access, which was noted on the plan and incorporated as a covenant in their deed. That a governing body has the power to attempt to impose conditions on the approval of a subdivision is clear. Section 503 of the MPC, 53 P.S. § 10503, requires a municipal subdivision and land development ordinance to include:

(9) Provisions for the approval of a plat, whether preliminary or final, subject to conditions acceptable to the applicant and a procedure for the applicant's acceptance or rejection of any conditions which may be imposed,

including a provision that the approval of a plat shall be rescinded automatically upon the applicant's failure to accept or reject such conditions within such time limits as may be established by the governing ordinance.

Section 508(4)(ii) speaks of the effect of changes in the ordinance "[w]hen an application for approval of a plat, whether preliminary or final, has been approved without conditions *or approved by the applicant's acceptance of conditions....*" (Emphasis added.)

■ Equally clear is the principle that "Section 508(4) of the [MPC] permits a municipality to approve a plan subject to conditions only if the conditions are accepted by the applicant...." *Board of Township Commissioners of Annville Township v. Livengood,* 44 Pa.Commonwealth Ct. 336, 341, 403 A.2d 1055, 1057 (1979).[2] If the subdivider does not accept proposed conditions, the conditional acceptance is deemed a rejection. *Id.* Under Section 508(3) of the MPC, the failure of the governing body to render and communicate its decision in a timely fashion or to comply with requirements relating to the manner of rejection (including citation to the provision of the ordinance or statute relied upon) results in a deemed approval of the application "in terms as presented". *See Brown v. Borough Council of Emmaus,* 91 Pa.Commonwealth Ct. 10, 496 A.2d 873 (1985).

The Bonners contend that *because* the condition was not within the power of the supervisors to impose and it lacked any basis in an ordinance or statute, the subdivider's acceptance of the condition could not validate it. They argue that the approval subject to an illegal condition should be deemed a rejection of the application, but that the rejection was in a defective form for failure to cite to the authority relied upon and so should be deemed an approval of the application without the condition. From that perspective, they say that the acceptance by the subdivider was irrele-

2. *Annville Township* was decided under a previous version of Section 508(4), which referred to "[w]hen an application ... has been approved or approved subject to conditions acceptable to the applicant...."

vant. This argument thus incorporates the Bonners' contentions as to the validity of the condition into their argument as to why they may proceed in mandamus and declaratory judgment.

■ The Township responds that the MPC does not require citation to the ordinance or statute relied upon where the governing body seeks to impose a condition, rather than denying the application. Section 508(2) provides:

When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

It notes further that Section 503(9), quoted above, which relates to conditions imposed on a subdivision application, does not mention any requirement of citation to the statute or ordinance relied upon. The Township says that here the Township imposed a condition and the subdivider accepted it; hence, there was no denial and no need for a citation.

■ We agree with the Township on this point. Although the phrase "not approved in terms as filed" in Section 508(2) could be construed to refer to the imposition of a condition, the rest of that sentence speaks of specification of defects and citation of provisions relied upon in connection with a "decision" on the application. Section 107 of the MPC, 53 P.S. § 10107, defines "decision" as the "*final* adjudication of any board or other body granted jurisdiction under any land use ordinance or this act...." (Emphasis added.) The "decision" in Section 508(2), therefore, is the actual denial of the application, rather than the imposition of a condition that might or might not precede a denial, depending on whether the applicant accepts the condition. In our view Section 508(2) does not require citation to a provision relied upon in connection with the imposition of a condition.

■ If a governing body imposes a condition that the applicant believes is illegal or otherwise unacceptable, the

applicant has the right not to accept and to appeal the denial of the application to the court of common pleas. However, the applicant has a duty to exercise its right to appeal within the time prescribed by statute. *See* Section 1002–A of the MPC.[3] In *Villa, Inc. v. Zoning Hearing Board, Old Forge Borough,* 57 Pa.Commonweatlh Ct. 221, 426 A.2d 1209 (1981), a corporation that sought to establish a mobile home park challenged the validity of a zoning ordinance enacted after the denial by the planning commission several years earlier of an application for approval of a preliminary plan for the park made by the prior owners (who were the stockholders in the corporation to which the land was conveyed). The corporation argued also that the denial by the planning commission was a deemed approval because it failed to meet the standard of specificity in explaining the denial required by Section 508(3). The court did not reach the merits of that contention because the prior owners had failed to preserve the issue for judicial determination by failing to appeal the denial within the thirty days mandated by Section 1006(2) of the MPC.[4]

The Bonners argue that the subdivider was in a weak bargaining position relative to the Township when she accepted the condition. They cite two common pleas court decisions in which owners sought to remove conditions that were placed on uses permitted by special exception. The courts noted that an applicant's agreement to conditions often results from unequal bargaining, and such agreements should be enforced only when they are fair and reasonable. *Lawrie v. Concord Township Zoning Hearing Board,* 17 Pa.D. & C.3d 171 (1981) and *Appeal of Every–Clean, Inc.,* 41 Pa.D. & C.2d 536 (1966). The Bonners assert that the subdivider here wished to have the subdivision approved quickly, and that she agreed to the condition,

3. 53 P.S. § 11002–A, added by the Act of December 21, 1988, P.L. 1329.

4. 53 P.S. § 11006(2), added by the Act of June 1, 1972, P.L. 333, repealed by the Act of December 21, 1988, P.L. 1329. Time for appeal is now governed by Section 1002–A, 53 P.S. § 11002–A.

in all likelihood, because it was easier to agree than to fight the matter out in court.

■  First, we note that a condition imposed by a zoning hearing board that restricts the use of a property in a special exception application under a zoning ordinance is different in nature from the condition imposed in this case by the governing body that restricts access to a particular lot in the course of approving a subdivision. As the court noted in *Lawrie*, 2 R. Ryan, Pennsylvania Zoning Law and Practice § 9.4.20 sets forth the prevailing view regarding modification of conditions placed on special exceptions:

> On the other side of the coin, a property owner may seek relief from a condition imposed in a prior proceeding. The proper procedure has not been analyzed in any appellate decision, but there is no reason to think that the path lies other than through an application to the zoning hearing board, for the power of the board to impose conditions in the first instance carries with it the power to reduce those conditions where justified. A failure to appeal a condition does not preclude a later application to modify it. In Re: Appeal of Gillies Corporation, 36 Pa.Commonwealth Ct. 489, 387 A.2d 1358 (1978).

In the present case, however, the subdivider's agreement to the condition resulted in both a notation on the recorded plan of the subdivision and a covenant in the deed for the lot that the Bonners purchased. By virtue of the subdivider's agreement, the restriction on access has been embodied in a covenant in the recorded deed. Such a covenant runs with the land and is binding upon all subsequent purchasers, as the common pleas court recognized. *See Logston v. Penndale, Inc.*, 394 Pa.Superior Ct. 393, 576 A.2d 59 (1990) (covenants run with the land that affect the land and are intended to pass with it; covenants that restrict the use of property, although not favored by the law, are legally enforceable). Because the restriction is incorporated in their deed, the Bonners cannot apply to the Township to remove it.

In the common pleas cases cited by the Bonners, both the special exception applicants and any successors to their interests retained a right to seek modification of the conditions. In the present case, as the common pleas court noted, the subdivider's agreement to the condition constituted a waiver of the right to challenge the condition. In *Edwards Engineering Corp. v. Davies*, 80 Pa.Commonwealth Ct. 47, 471 A.2d 119 (1984), the plaintiff's predecessor was a neighbor of a property for which a subdivision plan was approved. In a mandamus action the plaintiff sought to compel the township board of supervisors to hold a new public hearing on the application; he alleged that they had failed to notify his predecessor of the hearing when the application was considered, as required by Section 508(5) of the MPC, 53 P.S. § 10508(5). This court noted that the predecessor could have appealed the plan approval beyond the normal thirty-day appeal period by alleging and proving that it lacked notice or knowledge of the approval, under Section 915 of the MPC, 53 P.S. § 10915.[5] The predecessor's failure to appeal once it gained knowledge of the approval constituted failure to pursue an available, adequate remedy at law, and that failure was binding upon the successor plaintiff.

The same principle applies in the present case. Although there was no objecting third party at the time of the approval involved here, the subdivider had the power to reject the condition and to appeal. Her choice not to do so constituted a waiver of any challenge to the validity of the condition, and that waiver is binding upon her successor.

The subdivider's decision to accept the condition imposed by the Township may or may not have resulted from "unequal bargaining". However, the courts cannot protect all persons from their own failure to assert their rights. Unlike the situation which involves an applicant's

5. Repealed by the Act of December 21, 1988, P.L. 1329. Time limitations for challenges to approvals for applications for development are now governed by Section 914.1 of the MPC, 53 P.S. § 10914.1, added by the same Act.

acceptance of conditions imposed on a use, the acceptance of conditions imposed on a subdivision plan constitutes a waiver of future challenges to those conditions. The Bonners were under no compulsion to purchase a property burdened by a covenant to which they objected, but they chose to do so and to build a house on the property. We agree with the court of common pleas that they may not now seek to revive the waived right to challenge the condition by means of a complaint in declaratory judgment.

### ORDER

NOW, August 27, 1991, the order of the Court of Common Pleas of Bucks County at No. 89–9598–14–5, dated December 28, 1990, is affirmed.