Christopher PETERSON, Appellant,

v.

AMITY TOWNSHIP BOARD OF SUPERVISORS and Vanguard Development Corporation.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2001.

Decided Aug. 7, 2002.

Josele Cleary, Lancaster, for Appellant.

Joan E. London, Wyomissing, for Appellee.

Dennis J. Shatto, Harrisburg, for Intervenor, Vanguard Development Corporation.

Before COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Christopher Peterson appeals from the April 27, 2001 order of the Berks County Court of Common Pleas that quashed his land use appeal as untimely. For the reasons stated herein, we reverse.

Intervenor Vanguard Development Corporation is the equitable owner of a 142.6–acre tract of land in Amity Township. On March 21, 2000, Vanguard filed an application for approval of a preliminary subdivision plan, proposing to subdivide this property into 192 lots for single-family residences, a development to be known as Highmeadow Estates. Peterson is the co-owner of land adjoining the proposed development.

The Amity Township Board of Supervisors (Board) reviewed the proposed plan at its regular public meeting on June 12, 2000. Peterson was present at this meeting and raised his objections to Vanguard's preliminary plan. Specifically, Peterson contested the limited time allowed for public scrutiny of Vanguard's application. The minutes of the Board's June 12 meeting indicate that Peterson stated concerns with, "typographical errors, waivers requested, catch basin designs and what he feels is a clear sight triangle problem at the intersection of [proposed] Highmeadow Drive and [existing] Pine Lane." After considering Peterson's comments, the Board orally agreed to waivers, as Vanguard requested, of four requirements under the Subdivision and Land Development Ordinance and granted preliminary plan approval conditioned upon payment of a traffic impact fee, satisfactory resolution of sight distance issues at Pine Lane Road, Pine Forge Road and Old Swede Road, and receipt of payment to reserve sewage treatment capacity for the proposed dwellings. Vanguard agreed to comply with all conditions. The Board did not thereafter issue a written decision.

On July 26, 2000, Peterson filed a notice of land use appeal to common pleas, again purporting to identify several deficiencies in the preliminary plan requiring reversal of the Board's decision. Common pleas quashed the appeal as untimely. Peterson maintains that his appeal was timely and seeks reversal of common pleas' order.

Section 1002 A of the Municipalities Planning Code (MPC)[1] governs the time

---

1. Act of July 31, 1968, P.L. 805, No. 247, art. X–A § 1002–A, added by the Act of December

to appeal from a subdivision/land development decision, and states:

All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act.

The entry of a decision commencing the 30–day appeal period occurs on the date that a written decision is served upon the applicant,[2] which shall be the date of mailing if service is by mail. 42 Pa.C.S. § 5572.

Here, the 30–day period in which Peterson had to file his appeal was not triggered by the entry of a written decision because the Board did not reduce its approval of Vanguard's plan to writing. Thus, com-

21, 1988, P.L. 1329 (Act 1329), 53 P.S. § 11002–A. It is worth noting that prior to the 1988 amendments to the MPC, an appeal such as Peterson's from the approval of a subdivision/land development plan would have proceeded initially before the zoning hearing board under former Section 1007. The time for filing such an appeal was very clearly established under then Section 915. In 1988, when Section 1007 was repealed and Section 909.1 was added, the anomalous system directing appeals by landowners from subdivision denials to common pleas while directing appeals by objectors from subdivision approvals to the zoning hearing board was clearly changed and now objector appeals are properly filed in common pleas. See Ryan, Pennsylvania Zoning Law and Practice, § 11.3.2 (Supp.2001) (stating that the provisions in Section 909.1 remove jurisdiction over subdivision matters from the zoning hearing board). However, when in 1988 Section 915 was repealed and re-enacted with minor amendment at Section 914.1, language was retained from the prior Section 915 governing the time in which an objector had to appeal. In particular, Section 914.1 states, in part:

No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.
53 P.S § 10914.1(a). This language appears applicable to an appeal by an objector such as

Peterson. Indeed, even after the 1988 amendments became effective, our court has on more than one occasion declared in dicta that it is applicable to objector appeals. See Peden v. Gambone Bros. Dev. Co., 798 A.2d 305, 311 n. 6 (Pa.Cmwlth.2002) and Bonner v. Upper Makefield Township, 142 Pa.Cmwlth. 205, 597 A.2d 196, 201 n. 5 (1991). In addition, the confusion over this arcane aspect of the 1988 amendments is reflected in a statement found at § 11.2.7 of the 2001 supplement to Ryan's treatise. Notably in conflict with the correct statement at § 11.3.2 of the treatise, Ryan states at § 11.2.7 that the pre 1988 language now found at Section 914.1 governs the time for an objector appeal from a subdivision approval. These statements regarding the applicability of Section 914.1 are not correct. Section 914.1 applies solely to appeals filed with the zoning hearing board. Other appeals which are not relevant to the present case properly go to the zoning hearing board. Cf. Section 915.1(a) of the MPC, 53 P.S. § 10915.1, which was also added under the 1988 amendments. However, inasmuch as the 1988 amendments clearly removed the zoning hearing board's jurisdiction to hear appeals such as Peterson's and vested that jurisdiction in common pleas, the time for appeal in the present case is governed by Section 1002–A. See Residents Against Matrix v. Lower Makefield Township, 802 A.2d 712, 714 (Pa.Cmwlth. 2002).

2. The MPC defines an applicant as "a landowner or developer as herein defined, who has filed an application for development, including his heirs, successors and assigns." Act of July 1, 1968, P.L. 805, as amended, 53 P.S. § 10107.

mon pleas applied the last clause of Section 1002–A, which directs that an appeal must be filed within 30 days of "the date upon which notice of [a] deemed decision is given."

A deemed approval of an applicant's subdivision results when a municipality fails to comply with its duty to communicate its decision to a subdivision applicant within the time and in the manner prescribed by Section 508 of the MPC. *See* 53 P.S. § 10508.[3] Common pleas reasoned that Vanguard's preliminary plan was deemed approved on the ninetieth day after Vanguard submitted its application, or June 18, 2000, because the Board failed to reduce its decision to writing and communicate it to Vanguard as required by Section 508. Common pleas then concluded that Peterson had 30 days from June 18, 2000 to file his land use appeal. Thus, common pleas calculated that Peterson's appeal period expired on July 18th, eight days before he filed his appeal on July 26, 2000.

■■■■ Common pleas erred by characterizing Peterson's action as an appeal from a deemed approval.[4] The requirements imposed on a municipality under Section 508, and the provision for deemed approval of an applicant's plan when those requirements are not met, are intended to protect an applicant/developer from Board inaction or protracted deliberation. *See Degroot v. Bd. of Supervisors of Township of Tinicum*, 157 Pa.Cmwlth. 350, 629 A.2d 318, 320 (1993). The deemed decision provision is simply not applicable to third parties. In some circumstances, an appli-

---

3. Section 508 of the MPC states:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed....
(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.
(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.
(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an

approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.
53 P.S. § 10508.

4. We note that common pleas also erred under its own analysis in calculating the time in which a written decision is called for under Section 508. Common pleas determined that the Board had ninety days from the date that Vanguard filed its application in which to render a decision. Section 508 of the MPC clearly states, however, that the Board "shall render its decision and communicate it to applicant not later than 90 days following the date of the next regular meeting of the governing body or planning agency (whichever first reviews the application) next following the date the application is filed...." The Board's written decision must be delivered to the applicant within 15 days after the Board's oral decision. The Board rendered its oral decision on June 12, 2000. Under the MPC, a written decision would have been due within 15 days after June 12, 2000. Therefore, appellant's appeal period could not possibly have commenced as early as June 18, 2000.

cant may elect not to treat the municipality's inaction as a deemed approval. For instance, the landowner may choose to make modifications to its plan or negotiate some compromise rather than risking litigation and/or a hostile relationship with the municipality by taking a deemed approval. Thus, a deemed approval, at least in the zoning context, is not self-effectuating;[5] either the municipality or the developer must give public notice of the deemed approval, and it is from this notice that the time for appeal time from a deemed approval begins to run under Section 1002–A.[6]

■ Even more fundamentally, the Board rendered an actual timely decision; a deemed decision did not occur.

■ However, when a decision is neither "entered" pursuant to 42 Pa.C.S. § 5572 nor "deemed" pursuant to 53 P.S. 10508(3), the only two circumstances contemplated by Section 1002–A, what event triggers the running of the thirty-day appeal period? We believe that the intent of Section 1002–A was to begin that period when the municipality's decision process has been finalized with sufficient clarity that any party aggrieved by the decision can evaluate whether or not to appeal. An oral approval by the Board meets this standard.[7] Moreover, causing the appeal time to be triggered by expiration of the time for delivery of a written decision is problematic. First, a written decision is served on the applicant, not the objecting neighbor. *See Tierney v. Upper Makefield Township*, 654 A.2d 621, 624 (Pa. Cmwlth.1995). In addition, an applicant may extend the time within which the Board must reduce its oral approval to writing, or waive the requirement altogether. 53 P.S. § 10508(3). In this circumstance, an aggrieved objector would be left to guess when his appeal time has begun to run or, worse, the time might never begin to run at all. Accordingly, we hold that the formal vote of the municipality to approve a subdivision plan begins the thirty-day period within which an aggrieved objector must appeal, at least to the extent the objector has actual or constructive notice of the decision.

■ This does not dispose of the present case, however. Here, the requirement of a writing was not waived or extended during the fifteen-day period after the oral decision,[8] and the municipality failed to comply with its obligation to render one. Peterson, reasonably and in good faith, waited for the entry of the written decision called for under Section 508. When the

---

**5.** MPC Section 908(9), *as amended*, 53 P.S. 10908(9).

**6.** Although the provisions of the MPC relating to subdivision approval do not contain notice requirements, it has been suggested that the reference in Section 1002–A to Section 908(9) makes the notice provision of 908(9) applicable in this context, at least for purposes of determining when the appeal period begins to run. *See* Ryan, Pennsylvania Zoning Law and Practice, § 11.3.2 (Supp.2001).

**7.** An oral denial would not satisfy this test because the *grounds* for appeal are evident only when the reasons for denial are set forth in writing as required in Section 508(1). *See*

*also Rouse/Chamberlin, Inc. v. Bd. of Supervisors*, 94 Pa.Cmwlth. 413, 504 A.2d 375, 378 (1986) (stating that written, not oral, reasons for disapproval serve as the focus for appellate review).

**8.** Appended to the Township's brief to common pleas is a copy of a letter from Vanguard to the Board, dated December 29, 2000, waiving any right Vanguard may have had to a written communication of the Board's decision. Even overlooking the fact that the letter was not part of the record certified to common pleas, it was sent more than six months after the Board rendered its decision and five months after Peterson filed his land use appeal.

Board failed to communicate its written decision to Vanguard within the 15 days required under Section 508(1), Peterson promptly filed his land use appeal. We believe these circumstances amount to a breakdown in the administrative processes sufficient to allow Peterson's appeal to proceed *nunc pro tunc*.[9] Such a result is particularly appropriate in light of the uncertain state of the law regarding the time within which to appeal in this situation.

Accordingly, we reverse common pleas' order and remand for a determination on the merits of Peterson's appeal.

### ORDER

AND NOW, this 7th day of August, 2002, the order of the Berks County Court of Common Pleas that quashed appellant's appeal in the above captioned matter is REVERSED and the case is REMANDED.

Jurisdiction is relinquished.

---

9. An appeal *nunc pro tunc* is justified where it is demonstrated that the late filing is the result of fraud or a breakdown in the administrative or judicial process. *See Gargano v. Terminix Int'l Co.,* 784 A.2d 188, 192 (Pa.Super.2001).