Dale R. KOLLER and
Carolyn L. Koller

v.

WEISENBERG TOWNSHIP

Homeowners of Weisenberg, Kimberly Anderson, Thomas Anderson and Robert Vogel

v.

Weisenberg Township Board
of Supervisors

Appeal of: Weisenberg Township
and Weisenberg Township
Board of Supervisors

Dale R. Koller and Carolyn L. Koller

v.

Weisenberg Township

Homeowners of Weisenberg, Kimberly Anderson, Thomas Anderson and Robert Vogel

v.

Weisenberg Township Board
of Supervisors

Appeal of: Homeowners of Weisenberg, Kimberly Anderson, Thomas Anderson and Robert Vogel.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2004.
Decided March 3, 2005.
Reargument Denied April 27, 2005.

Donald H. Lipson, Allentown, for appellants, Weisenberg Township and Weisenberg Township Board of Supervisors.

William J. McCarthy, III, Hellertown, for appellees, Dale R. and Carolyn L. Koller.

Michael J. O'Connor, Harrisburg, for appellee, Homeowners of Weisenberg.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

This case involves an appeal filed by Weisenberg Township (the Township), Weisenberg Township Board of Supervisors (the Board), and Homeowners of Weisenberg, by and through Kimberly and Thomas Anderson, and Robert Vogel (collectively referred to as "HOW"), of an order of the Court of Common Pleas of Lehigh County (trial court), dated June 21, 2004, which reversed the Board's decision regarding conditional approval of a land development plan submitted by Dale R. Koller and Carolyn L. Koller (collectively referred to as Koller). The trial court directed that the land development plan be deemed approved subject to the conditions previously agreed upon by Koller. We now vacate and remand.

The facts in the case are as follows. Koller filed a land development plan, which was dated July 26, 2002 and later revised February 10, 2003 (the Preliminary Plan), for a concrete manufacturing plant on a parcel of land located on Heffner Road in Weisenberg Township, Lehigh County, Pennsylvania. (R.R. at 2a). In accordance with the Township's Subdivision and Land Development Ordinance (SALDO), the Township Engineer reviewed the engineering considerations of the Preliminary Plan and issued reports to the Township's Planning Commission (Planning Commission), which then conducted hearings. (R.R. at 59a). On April 10, 2003, the Planning Commission issued a written opinion, recommending conditional approval of the Plan subject to specific conditions. (R.R. at 2a).

On April 14, 2003, the Board met to review the recommendations of the Planning Commission and approve, conditionally approve or disapprove the Preliminary Plan. It appears that at the hearing on April 14, 2003, Koller agreed to the imposition of *six* specific conditions.

On April 24, 2003, the Board rendered a decision conditionally approving Koller's Preliminary Plan subject to *sixteen* conditions similar to those recommended by the Planning Commission.[1] Koller failed to accept all the conditions imposed by the Board. On May 9, 2003, Koller appealed the decision to the Court of Common Pleas

---

**1.** Of the sixteen conditions, three related to the use of water; one related to storm water; two related to water pollution; two related to traffic; one related to buffer and security/safety; one related to noise; three related to dust; and three were general.

of Lehigh County (trial court), alleging that the Board abused its discretion when it imposed the ten additional conditions to which Koller had not agreed. In filing the land use appeal, Koller effectively rescinded the conditional approval granted by the Board's decision.

On May 29, 2003, HOW filed an appeal of the Board's decision, identifying grounds to deny Koller's plan. HOW intervened in the appeal of Koller and both cases were consolidated for disposition by the trial court.

On June 21, 2004, the trial court issued an order reversing the Board's decision regarding the Preliminary Plan and granting the Preliminary Plan subject to the six conditions to which Koller had earlier agreed. The trial court reasoned that the Board did not abuse its discretion when it failed to deny the Preliminary Plan based upon alleged violations of the Township's SALDO, reasoning that "at this stage, where the Board is giving only preliminary approval of the [Preliminary] Plan it is sufficient for the Board to state final approval is subject to compliance with required governmental permits and approvals." (Trial court's opinion, p. 6). Moreover, "[g]eneralized concerns are insufficient to deny subdivision approval." The trial court concluded that in some instances, there was substantial evidence to support the Preliminary Plan. In other instances, objections were based on general disbelief. Also, the trial court concluded that the concrete plant was not injurious *per se* to the public. The trial court also concluded that the Board did not abuse

its discretion when it attached conditions to its approval of the Preliminary Plan beyond those conditions agreed to by Koller. However, the Board was required to specify the defects and cite statutes or ordinances on which it relied to impose the conditions. The Board's failure to do so constituted an "invalid rejection" tantamount to a "deemed approval." (Trial court's opinion, p. 9). Because it reasoned that the Board's failure constituted a deemed approval, it reversed the Board.

The Township and Board, as well as HOW, all appealed the trial court's order to this Court.

■ On appeal,[2] the Township and Board frame their issues as follows:

1. Whether the trial court erred as a matter of law when it ruled that Koller's failure to accept several of the conditions imposed as part of the conditional approval of the Preliminary Plan obligated the Board to provide Koller with notice of Preliminary Plan defects with citation to the provisions of the statutes or ordinances?

2. Whether the Board acted within its discretion and in accordance with applicable law in issuing its April 24, 2003, decision, because two conditions of the decision met the notice requirements set forth in section 508(2) of the MPC? [3]

3. Whether the Board acted within its discretion and in accordance with applicable law in issuing its April 24, 2003, decision, because five conditions of the decision were necessary to protect the public health, safety and welfare?

---

**2.** In a land use appeal, where the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the governing body has committed an error of law or abused its discretion. *Schultheis v. Board of Supervisors of Upper Bern Township, Berks County, Pennsyl-* *vania,* 727 A.2d 145 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 559 Pa. 709, 740 A.2d 236 (Pa.1999).

**3.** The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

On appeal, HOW frames the issues as follows:

1. Whether the Board and trial court abused their discretion and/or committed an error of law by failing to deny Koller's Preliminary Plan for failure to satisfy several sections of the Township's Zoning Ordinance and SALDO?

2. Whether the Board and trial court abused their discretion and/or committed an error of law in failing to deny the Preliminary Plan since the concrete batch plant is not a permitted use in the industrial/commercial district of the Township?

3. Whether the Board and trial court abused their discretion and/or committed an error of law in failing to deny the Preliminary Plan since the Board's decision complied with the MPC in specifying sections of the Township's Ordinances justifying the conditions imposed upon Koller?

4. Whether the Board and trial court abused their discretion and/or committed an error of law by failing to insert specific sections of the Township Ordinances justifying the conditions imposed upon Koller's Preliminary Plan?

Several of the issues above may be characterized as challenging whether the Board was authorized to issue a conditional approval of the Preliminary Plan that imposed conditions that were not agreed to by Koller without providing Koller with notice of Preliminary Plan defects with citation to the provisions of the statutes or ordinances.

■ Sections 508(2) and (3) of the MPC, 53 P.S. § 10508(2) and (3), govern the denial of subdivision and land development plan applications. They read as follows:

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the publication and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon. (3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented.

Section 503(9) of the MPC, 53 P.S. § 10503(9), addresses a municipality's authority to conditionally approve subdivision and land development plan applications and states that:

Provisions for the approval of a plat, whether preliminary or final, subject to conditions acceptable to the applicant and a procedure for the applicant's acceptance or rejection of any conditions which may be imposed, including a provision that approval of a plat shall be rescinded automatically upon the applicant's failure to accept or reject such conditions within such time limit as may be established by the governing ordinance.

The Township and Board argue that the trial court erred when it concluded that the Board was obligated to provide Koller with notice of the Preliminary Plan defects with citations to the statutes or ordinances relied upon because such notice obligations apply only when a municipality rejects a subdivision/land development plan and not when a municipality seeks to impose conditions as part of a conditional approval. *See Bonner v. Upper Makefield Township*, 142 Pa.Cmwlth. 205, 597 A.2d 196 (1991). Put another way, the Township and Board argue that the requirement that a governing body provide notice of plan defects with citations to the statutes or ordinances relied upon is in Section 508(2) of the MPC which governs denial of a subdivision/land development plan, whereas conditional ap-

proval is governed by Section 503(9) of the MPC, which does not require that a governing body provide notice of plan defects with citations to the statutes or ordinances relied upon.

In contrast, the trial court relied upon our earlier opinion in *Brown v. Borough Council of Emmaus,* 91 Pa.Cmwlth. 10, 496 A.2d 873 (1985), for the proposition that because the Board did not cite authority relating to the imposition of conditions on Koller's Preliminary Plan, the Board's actions constituted an invalid rejection, which should be considered to be a deemed approval of the Preliminary Plan under Section 508(3) of the MPC.[4] The Township and Board point out that *Brown* did not make a distinction between the rejection of a plan and conditional approval, which this Court would later make in the *Bonner* decision. In *Bonner,* this Court noted that "Section 508(4) of the [MPC] permits a municipality to approve a plan subject to

conditions only if the conditions are accepted by the applicant." [5] We explained that if the applicant does not accept the proposed conditions, then the conditional approval is deemed a rejection. We also concluded that the MPC does not require citation to the ordinance or statute relied upon where the governing body seeks to impose a condition.[6] *Bonner.*

Additionally, at least under some circumstances, this Court has held that a deemed decision pursuant to Section 508(3) cannot occur if the governing body renders a decision and communicates it to the applicant. *See Peterson v. Amity Township Board of Supervisors,* 804 A.2d 723 (Pa. Cmwlth.2002) (deemed decision did not occur for purposes of provision of MPC that required appeal of neighboring property owner to be taken within 30 days of the date on which notice of deemed decision was given, where the township board rendered actual timely decision by voting to

4. In *Brown,* we considered a municipality's approval of a subdivision plan that allegedly was conditioned on the appellant's installation and maintenance of a sidewalk. The appellant alleged that he was unaware of the imposition of the condition and argued that if the governing body intended approval to be conditional, it failed to comply with the notice requirements of Section 508(2) of the MPC because the condition would change the original plan. This Court held that such a change required the governing body to cite its authority or legal basis for the imposition of the condition. Because the governing body failed to do so, the Court concluded that there was a deemed approval under Section 508(3) of the MPC.

5. *Bonner* involved a situation where an applicant accepted an imposed condition, and a subsequent purchaser of the property later sought to challenge the imposition of the condition on the basis that, regardless of the acceptance, the condition was improperly imposed because it was illegal.

6. In *Bonner,* we wrote:
   Although the phrase 'not approved in terms as filed' in Section 508(2) could be con-

strued to refer to the imposition of a condition, the rest of that sentence speaks of specification of the defects and citation of provisions relied upon in connection with a 'decision' on the application. Section 107 of the MPC, 53 P.S. § 10107, defines 'decision' as the '*final* adjudication of any board or other body granted jurisdiction under any land use ordinance or this act....' [Emphasis added in Bonner.] The decision in Section 508(2), therefore, is the actual denial of the application, rather than the imposition of a condition that might or might not precede a denial, depending on whether the applicant accepts the condition. In our view Section 508(2) does not require a citation to a provision relied upon in connection with the imposition of a condition.
   If a governing body imposes a condition that the applicant believes is illegal or otherwise unacceptable, the applicant has the right not to accept and to appeal the denial of the application to the court of common pleas.
*Bonner,* 597 A.2d at 211–12.

approve the plan but did not issue written decision). The requirements imposed on a municipality under Section 508(3) and the provision for deemed approval are designed to protect the applicant from "governing body inaction or protracted deliberation." *Peterson*, 804 A.2d at 727.

Applying the reasoning of our more recent opinion in *Bonner*, we conclude that the trial court erred when it determined that Section 508(2) of the MPC required the Board to note plan defects and cite the statutes or ordinances relied upon in imposing conditions associated with conditional approval, such that the Board's actions did not constitute an invalid rejection tantamount to a deemed approval. Rather, where a preliminary plan is approved with conditions if the applicant does not accept the proposed conditions, then the conditional approval is deemed a rejection. If the applicant objects to the conditions, an aggrieved party may appeal the matter to the trial court for a determination of whether the objected-to conditions are legal. In making such a determination, the trial court may consider whether the conditions are appropriate to effectuate compliance with relevant statutes and ordinances and, if so, whether the objected-to conditions are reasonable in order to make the plan be in compliance. The trial court may strike conditions that are not legal.

As to HOW's argument that the Board and trial court abused their discretion and committed an error of law when they failed to deny the Preliminary Plan on the basis that Koller failed to satisfy several sections of the Township's Zoning Ordinance and SALDO, the trial court may also consider these arguments during the course of its review of the conditions sought to be imposed on approval. We note that if a legally imposed condition would address the alleged failure of the Preliminary Plan, then such alleged failure cannot provide a basis for challenging the Board's conditional approval. On the other hand, if after consideration of the legally imposed conditions, HOW is able to establish that an alleged failure of the Preliminary Plan still remains, then the Board's conditional approval should be reversed on the merits and the plan denied.

As to HOW's argument that the Board and trial court erred in failing to deny the Preliminary Plan because a concrete batch plant is not a permitted use in the industrial/commercial district, we must disagree. Permitted uses in this district include the manufacture of concrete or brick products. We disagree with HOW that the "manufacture of concrete" is distinct and different from the "manufacture of concrete products" such that it is not a permitted use.

Accordingly, the order of the trial court is vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.[7]

## ORDER

AND NOW, this 3rd day of March, 2005, the order of the Court of Common Pleas of Lehigh County (trial court), dated June 21, 2004, is hereby vacated, and the matter is remanded to the trial court for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.

Dissenting Opinion by Judge SIMPSON.

I respectfully dissent from part of the thoughtful majority opinion.

---

7. Because we have vacated and remanded this matter for the reasons discussed above, it is not necessary for this Court to address any remaining issues that may have been raised.

As to the developer's appeal, I agree with the trial court's legal analysis requiring a municipality to inform a developer in writing of defects in a plan where, as here, a deemed denial occurs by failure of the developer to accept all conditions. The issue has not been squarely addressed in prior cases, and Sections 508(2) and (3) of The Pennsylvania Municipalities Planning Code,[1] 53 P.S. § 10508(2), (3), support this conclusion. As a matter of policy, specification of defects ensures that there is a basis for municipal action of less than full approval.

However, I disagree with the trial court's conclusion that this was not done. Here, the Board's decision incorporated by reference an engineer's letter which recommended approval subject to conditions. The letter details outstanding issues of noise control, traffic and access, storm water management and an erosion and sedimentation control plan. Clearly, the developer was appropriately advised regarding these conditions. *See* Reproduced Record at 85a–91a. Moreover, there was no abuse of discretion in the Board's acceptance of advice from its engineer on these conditions.

It is worth noting that many of the contested conditions relate more to land use than to land planning. So, for example, conditions relating to hours of operation and washing of trucks would usually be addressed in zoning or occupancy applications. The trial court's holding does not prevent application of all relevant regulations during these stages.

As to the appeal filed by the objecting neighbors, I would affirm the trial court. The trial court discussed their issues separately, and no error is evident.

In light of the foregoing, I would affirm the trial court in part and reverse in part.

As a result, the Board decision would be affirmed as to the conditions accepted by the developer and as to the conditions recommended by the engineer. No further proceedings would be necessary for the preliminary plan.

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.