The Board of Township Commissioners of Annville Township, Appellant v. Bertram W. Livengood, Appellee.

Argued June 8, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Timothy D. Sheffey*, with him *Robert W. Feeman*, and *Egli, Reilly, Wolfson and Feeman*, for appellant.

*Philip H. Feather* and *Feather & Feather*, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 19, 1979:

The Board of Commissioners of Annville Township (Township) appeals an order of the Court of Common Pleas of Lebanon County which granted appellee's motion for a summary judgment to a complaint in mandamus and ordered the Township to strike a condition it had placed on its approval of appellee's subdivision plan and to permit appellee to sell the lots in the subdivision without meeting the terms of the conditions, *i.e.*, the installation of streets, curbs and sidewalks. We affirm.

Appellee seeks to subdivide a small tract of land in the Township into the 90 by 150 foot lots fronting an alley or street, paved by the Annville Township Authority after constructing and installing a sanitary sewerage system, but not accepted or dedicated by the Township. Appellee's subdivision plan was duly approved by the Lebanon County Planning Department and submitted to the Township. On August 2, 1976, the Township approved appellee's plan, but added the following notation, "No lot shall be sold until such times as the developer installs streets, curbs and side-

walks in accordance with Township specifications and the streets as shown on the plan are accepted by the Township.'' Following attempts by appellee to have the Township remove the notation, appellee filed the complaint in mandamus.

The Township contends here, as it did before the lower court, that the condition appended to its approval comports with the statutory requirements of Section 508 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508. In short, the Township asserts that Section 508 gives the Township the authority to place conditions on the approval of subdivision plans.

On this issue, we agree with the reasoning and holding of Judge WALTER of the Court of Common Pleas and therefore adopt that portion of Judge WALTER's opinion as follows:

> Guided by what we found in [the Code], particularly by portions of Section 508 we conclude that if any proposed subdivision shown on a submitted plan complies with all applicable laws, ordinances and regulations it is to be approved. If it does not, it is to be rejected. Further, if there are conditions attached to the approval they must be acceptable to the applicant. If they are rejected by the latter the municipality's only option is to disapprove. Nothing is to hang precariously in limbo.

> Section 508(4) provides in part:

>> '. . . the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. . . . When an application . . . has been approved or ap-

proved subject to conditions acceptable to the applicant. . . .'

. . . .

When the Township considered [appellee's] application for approval they did so in light of, not only the MPC, but its own ordinances. Under Chapter XXI, Part 7 labeled 'Conditions of Acceptance', Section 63 to which the note appended to [appellee's] plan referred, states in part:

'No lot in a subdivision may be sold, no permit (issued?) to erect, alter or repair any building upon land in a subdivision, unless and until a plan of such subdivision shall have been approved and properly recorded, and until improvements required by the Governing Body shall have been constructed or guaranteed as herein provided.' (Insertion added.)

The reader is then sent by footnote to Section 64(2) which provides:

'Before approving any subdivision plan or portion of a subdivision plan, the Governing Body shall require, either that the necessary grading, curbs, sidewalks and storm sewers shall have been installed in strict accordance with the standards and specifications of the municipality or that the municipality be assured by a bond or deposit of funds or securities in escrow sufficient to cover the cost to the owner (subdivider) of the required improvements as estimated by the Municipal Engineer or any other person so designated by the Governing Body, that said improvements will subsequently be in-

stalled by the owner of said subdivided lot, tract or parcel of land.' (Emphasis supplied.)

Furthermore, found under the same Chapter XXI is a section setting forth specifications for installing alleys, streets, curbs and sidewalks which further expounds on the strictures of Section 64(2).

Township argues it did approve [the] plan, then by inserting that note, it just gave notice to all prospective purchasers of the Livengood lots, requirements exist which must be met prior to the sale of either. Unfortunately, it was an approval which flies in the teeth of the Township's own conditions of acceptance. For apart from the difference on the point of street ownership, the plan submitted . . . does not reflect curbing or sidewalk!

In essence, following Township's contention further, [appellee] is told his plan is approved, he can build his houses on the lots, but he cannot sell those lots until the ordinances regarding streets, sidewalks and curbs are complied with. But they don't tell him where the ordinances can be found nor do they give him any guidance as we shall see later on they are required to do, regarding specifications. In contrast to a *disapproval* of the plan it is a distinction without a difference. The Township should have rejected the plan as it did not conform to their own requirements. That it did not falls to its disadvantage here. The conditional approval attempted in effect, though it is not called such by the Township, does not lie as [appellee] did not accept the conditions. (Footnotes omitted.)

Having determined that Section 508(4) of the Code permits a municipality to approve a plan subject to conditions only if the conditions are accepted by the applicant, which was not forthcoming in this case, the Township's attempted conditional approval must be deemed a rejection of appellee's application as filed. As a rejection, the notation clearly fails to provide the specificity of defects as required by Section 508 (2). As this Court stated in *Whiteland Manor Homes, Inc. v. Borough of Downingtown*, 32 Pa. Commonwealth Ct. 274, 276, 378 A.2d 1311, 1312-13 (1977): "Section 508(2) clearly requires that a municipality's decision must specify the defects in a plan, and describe the requirements which have not been met, as well as cite the statutory authority relied on. . . ."

Accordingly, we will enter the following

ORDER

AND Now, July 19, 1979, the order of the Court of Common Pleas of Lebanon County, at No. 67, 1977, dated February 21, 1978, is hereby affirmed.