Montgomery Township, Appellant *v.* Franchise Realty Interstate Corporation and McDonalds Corporation, Appellees.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*William R. Cooper,* with him, *Stewart J. Greenleaf* and *Emory W. Buck, Cooper & Greenleaf,* for appellant.

*Ronald E. Robinson,* with him, *Joel Cardis, Pearlstine, Salkin, Hardiman* and *Robinson,* for appellees.

OPINION BY JUDGE ROGERS, November 14, 1980:

Montgomery Township has appealed from an order of the Court of Common Pleas of Montgomery County changing a condition imposed by the township to its approval of a land development plan filed by Franchise Realty Interstate Corporation for the construction of a McDonald's restaurant. We affirm the court's order.

The controversy centers on the provisions for ingress to and egress from the McDonalds, proposed to be erected at the northwest corner of the intersection of Route 309 and North Wales Road. The preliminary and final land development plans submitted by the developer proposed that only ingress should be permitted at Route 309 but that both ingress and egress should be permitted on North Wales Road. The township supervisors, after a hearing, refused approval of the plan, on the ground that both ingress and egress at North Wales Road would constitute a threat to the public safety and welfare.

The developer appealed to the court below, which, after argument, remanded the matter for further hear-

ings in respect to the matter of the North Wales Road entrance—exit. The township then proposed that all vehicles leaving the proposed facility by North Wales Road be permitted to turn right only, thus eliminating the asserted hazard presented by vehicles crossing the flow of the traffic approaching from the right. This prohibition would deny patrons a convenient route by which to reenter Route 309. The developer told the supervisors that it would not accept such a condition. The supervisors approved the plan, subject to conditions which effectively forbade vehicles exiting onto North Wales Road from turning left. The developer again appealed, claiming that the conditions imposed by the supervisors were not in accordance with the township's land development ordinance and were unreasonable. The court below agreed that the township's prohibition against vehicles turning left when exiting onto North Wales Road was unreasonable. The court therefore struck this condition from the township's approval of the plan.

The township says that the lower court erred in striking down its restriction on traffic entering North Wales Road. Regardless of its general desirability, the restriction was beyond the township's power to impose. First, a municipality may approve a land development plan, which conforms to its regulations, subject to conditions only if the conditions are accepted by the applicant. Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4); *Board of Township Commissioners of Annville Township v. Livengood,* 44 Pa. Commonwealth Ct. 336, 403 A.2d 1055 (1979). Where, as here, such conditions are not accepted by the applicant, the municipality is deemed to have rejected the applicant's plan. *Livengood, id.* at 341, 403 A.2d at 1057. As a rejection, the township's decision clearly fails to conform to Section

508(2) of the Code, 53 P.S. §10508(2), which requires that the rejection of a land development plan must specify the defects in the plan and describe the requirements which have not been met, as well as the statutory authority relied upon. The township did not cite any authority whatsoever in its decision pertaining to the condition imposed. Therefore, under Section 508(3) of the Code, 53 P.S. §10508(3), the township is deemed to have approved the plan, subject only to those conditions which are acceptable to the developer.

The second ground upon which we rest our decision is that, just as a municipality may not withhold approval of a land development plan which conforms to its land development regulations, it may not condition its approval of the plan upon the developer meeting a standard not contained in its regulations. *See Swinehart v. Upper Pottsgrove Township*, 23 Pa. Commonwealth Ct. 282, 351 A.2d 702 (1976); *County Builders, Inc. v. Lower Providence Township*, 5 Pa. Commonwealth Ct. 1, 287 A.2d 849 (1972). As noted, the township has not directed this Court to any provision in its land development ordinance that would permit the township to impose conditions upon ingress and egress in a land development plan.[1] The only requirement of its regulations concerning traffic control is that in the case of county roads such as North Wales the developer must obtain a highway occupancy and/or encroachment permit from the county, which was done here.

Finally, the township suggests that, in the event that we find that the court below did not err in strik-

---

[1] The failure of the township's land development ordinance to provide authority for the regulation of ingress and egress in land development plans becomes more conspicuous when that ordinance is compared to provisions of the township's zoning ordinance relating to Shopping Centers and Regional Shopping Centers specifically regulating ingress and egress.

ing the condition in question, we should remand this case to the lower court for a decision on the merits on the township's initial rejection of the plan. We do not believe a remand to be required or appropriate here, for there is only one ruling which could obtain. The supervisor's resolution rejecting the plan did not contain any citation to any statute as required by Section 508(2) of the MPC, 53 P.S. §10508(2). Therefore, under Section 508(3) of the MPC, 53 P.S. §10508-(3), the lower court would have to rule that the plan be deemed to have been approved as filed. *See, e.g., Whiteland Manor Homes, Inc. v. Borough of Downington,* 32 Pa. Commonwealth Ct. 274, 378 A.2d 1311 (1977); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township,* 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975).

Accordingly we enter the following order

## ORDER

AND Now, this 14th day of November, 1980, the order of the Court of Common Pleas of Montgomery County, No. 77-18155, is affirmed.