Clepper Farms, Inc., Appellant v. Ray E. Trimmer et al., Appellees.

Ray E. Trimmer et al., Appellants v. Clepper Farms, Inc., Appellee.

Argued December 17, 1981, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*John M. Eakin,* for appellant, Clepper Farms, Inc.

*Thomas E. Wood,* with him *William E. Miller, Jr., Keefer, Wood, Allen & Rahal,* for appellees, Ray E. Trimmer et al.

Opinion by Judge Blatt, April 28, 1982:

Before us are an appeal and a cross appeal from an order of the Court of Common Pleas of Cumberland County which directed the Board of Commissioners of Upper Allen Township (Board) to approve the preliminary subdivision plan of Clepper Farms, Inc. (Clepper Farms) subject to certain conditions.

On March 14, 1980, Clepper Farms submitted a preliminary subdivision plan to the Township and on May 19, 1980 the Township Planning Commission (Planning Commission) approved a motion that the plan, subject to certain conditions, be considered by the Board. At the Board's June 11, 1980 meeting, at which

representatives of Clepper Farms were present, a motion was made and rejected to approve the plan subject to eighteen conditions, which paralleled those which had been recommended by the Planning Commission. Later in the meeting, after the departure of Clepper Farms representatives, the Board voted to reject the plan for the reasons which had been stated as conditions in the original motion to approve. On June 16, 1980, the Board gave Clepper Farms written notice of the rejection, in which the reasons for rejection were set forth without reference to the ordinance or statutory provisions violated by the plan. On July 1, 1980, Clepper Farms brought an action in mandamus in the court below, seeking to compel approval of the preliminary subdivision plan because of the Board's failure to comply with the notice requirements of Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(2). When the pleadings were closed, Clepper Farms moved for judgment on the pleadings; in response, the court below ordered the preliminary subdivision plan approved subject to the conditions which had been recommended to the Board by the Planning Commission. Clepper Farms now appeals the allegedly improper inclusion of the conditions in the order issued below. The Board has cross appealed, alleging that the court erred in ordering approval of the plan in the first place.

Section 508 of the MPC provides in pertinent part:

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen days following the decision;

(2) When the application [for approval of a plat, whether preliminary or final] is not ap-

proved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met *and shall, in each case, cite to provisions of the statute or ordinance relied upon*;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and *in the manner required herein* shall be deemed an approval of the application *in terms as presented.* . . . (Emphasis added.)

The statutory language is clearly mandatory: subsection (1) requires that a *written* decision be communicated to the applicant and subsection (2) requires that, in the event an application is not approved, the Board's written decision shall include citation to specific provisions of the statute or ordinance relied upon. *Rosanelli v. Quakertown Borough Council,* 43 Pa. Commonwealth Ct. 420, 402 A.2d 1115 (1979); *Finisdore, Inc. v. Lower Merion Township,* 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976). While the Board specified the reasons for its denial of the application, it did not include the requisite ordinance citations and, having failed to communicate its denial of approval "in the manner required," Clepper Farms' preliminary subdivision plan must be deemed approved pursuant to Section 508(3). By failing to adhere to statutorily prescribed procedure, the Board has, by default, permitted what it could have prevented by acting in conformity with the requirements of the statute. *Puleo & Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A.2d 658 (1973).

Subsection (3) further provides that the deemed approval shall be "in terms as presented." The court below therefore erred in directing that approval be subject to the conditions which had been proposed by the Planning Commission and, further, its reliance on

*Goodman v. Board of Commissioners, Township of South Whitehall,* 49 Pa. Commonwealth Ct. 35, 411 A. 2d 838 (1980), in reaching that result was misplaced. In *Goodman,* unlike the instant case, the findings adopted by the Board in denying the preliminary plan were supported by specific ordinance citations. The Court, however, found the citations to be inadequate to justify denial pursuant to Section 508(2) of the MPC and, without specifically addressing the provisions of Section 508(3), ordered that the preliminary plan be approved subject to the conditions recommended by the Planning Commission. In the case presently before us we are addressing a denial which, from its inception, was devoid of statutory or ordinance citation, and in *Montgomery Township v. Franchise Realty Interstate Corp.*, 54 Pa. Commonwealth Ct. 535, 539, 422 A.2d 897, 899 (1980), a situation where the plan rejection "did not contain any citation to any statute as required by Section 508(2) of the MPC," we held that, "under Section 508(3) of the MPC, 53 P.S. §10508(3), the lower court would have to rule that the plan be deemed to have been approved *as filed.*" (Emphasis added.)

The Board asserts, however, that, at the time of the Planning Commission and Board meetings, Clepper Farms had indicated its willingness to accept all but one of the conditions and that we are bound, therefore, by the additional holding in *Franchise Realty* that under Section 508(3), the Township was deemed to have approved the plan, "subject only to those conditions which are acceptable to the developer." *Id.* at 538, 422 A.2d at 899. In *Franchise Realty,* however, the Board had *approved* the plan subject to certain conditions which the developer refused to accept. The Court found, in such circumstances, that:

> [A] municipality may *approve* a land development plan, which conforms to its regulations,

subject to conditions only if the conditions are accepted by the applicant. . . . Where, as here, such conditions are *not* accepted by the applicant, the muncipality is deemed to have rejected the applicant's plan. . . . As a rejection, the township's decision clearly fails to conform to Section 508 (2). . . . The township did not cite any authority whatsoever in its decision pertaining to the condition imposed. Therefore, under Section 508(3) . . . the township is deemed to have approved the plan, subject only to those conditions which are acceptable to the developer.

*Id.* at 537-38, 422 A.2d at 899 (citations omitted; emphasis added). The plan in *Franchise Realty* had been approved, subject to conditions which were unacceptable to the developer while the plan presently before us was denied, and, therefore, no conditions upon which approval was granted ever came into existence for Clepper Farms either to accept or to reject. In the absence of conditions, any willingness expressed by Clepper Farms, prior to the time of the Board's written decision, to accept any of the conditions proposed by the Planning Commission was premature for purposes of Section 508(3). Although the procedural development here differs from that in *Franchise Realty*, the result is the same. In each case, in the absence of decisionally imposed conditions which have been accepted by the applicant, the plan must be approved *as filed*. A "deemed approval" has the same force and effect as an approval initially granted by the Board.

For the foregoing reasons, therefore, we will affirm the order of the court below insofar as it directs the Board to approve the preliminary subdivision plan, but we will reverse its order insofar as its approval is subject to conditions proposed by the Planning Commission.

### Order

And Now, this 28th day of April, 1982, the order of the Court of Common Pleas of Cumberland County is affirmed insofar as it directs the Commissioners of Upper Allen Township to approve the preliminary plan of Clepper Farms, Inc. and is reversed insofar as it attached conditions thereto which were not part of the plan as filed.

This decision was reached prior to the resignation of Judge Mencer.

Judge Palladino did not participate in the decision of this case.