Appeal of William Fiore Etc. Borough Council of Borough of Pleasant Hills, Appellant.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*David A. Scott,* with him *Henry E. Rea, Jr., Brandt, Milnes, Rea & Wagner,* for appellant.

*Ronald J. McKay,* for appellee.

OPINION BY JUDGE DOYLE, May 16, 1983:

This is an appeal by the Borough of Pleasant Hills (Borough) from an order of the Court of Common Pleas of Allegheny County which deleted a condition imposed by the Borough in its approval of the subdivision application of William Fiore.

The land in question abuts State Route No. 51. The subdivision proposed divided the land into three lots, all with frontage on the state highway. On one of the lots is an existing Ponderosa Steak House Restaurant (Ponderosa), and at the proposed line between the Ponderosa lot and the adjoining lot is an existing traffic signal which regulates ingress and egress for Ponderosa customers. As a condition to the approval of the subdivision plan, the Borough prohibited all ingress from, and most egress onto Route 51,[1] except via a service road, to be created by deed covenant, directing traffic to the Ponderosa signal. Appeal to the court of common pleas resulted in the order appealed here.

This case is squarely governed by *Montgomery Township v. Franchise Realty Interstate Corp.,* 54 Pa. Commonwealth Ct. 535, 422 A.2d 897 (1980). In

---

[1] The condition permitted some egress from the lots onto Route 51 in one direction only.

*Franchise Realty,* the township approved a development plan subject to a condition limiting egress onto an abutting road to one direction only. The court of common pleas struck the condition, and in affirming the court of common pleas, we noted:

First, a municipality may approve a land development plan, which conforms to its regulations, subject to conditions only if the conditions are accepted by the applicant. Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 35 P.S. §10508(4); Board of Township Commissioners of Annville Township v. Livengood, 44 Pa. Commonwealth Ct. 336, 403 A.2d 1055 (1979). Where, as here, such conditions are not accepted by the applicant, the municipality is deemed to have rejected the applicant's plan. Livengood, *id.* at 341, 403 A.2d at 1057. As a rejection, the township's decision clearly fails to conform to Section 508(2) of the Code, 53 P.S. §10508(2), which requires that the rejection of a land development plan must specify the defects in the plan and describe the requirements which have not been met, as well as the statutory authority relied upon. The township did not cite any authority whatsoever in its decision pertaining to the condition imposed. Therefore, under Section 508(3) of the Code, 53 P.S. §10508(3), the township is deemed to have approved the plan, subject only to those conditions which are acceptable to the developer.

The second ground upon which we rest our decision is that, just as a municipality may not withhold approval of a land development plan which conforms to its land development regu- .

lations, it may not condition its approval of the plan upon the developer meeting a standard not contained in its regulations. See Swinehart v. Upper Pottsgrove Township, 23 Pa. Commonwealth Ct. 282, 351 A.2d 702 (1976); County Builders, Inc. v. Lower Providence Township, 5 Pa. Commonwealth Ct. 1, 287 A.2d 849 (1972). As noted, the township has not directed this Court to any provision of its land development ordinance that would permit the township to impose conditions upon ingress and egress in a land development plan.

*Id.* at 537-38, 422 A.2d at 898-99.

In the case before us, the circumstances are indistinguishable from those in *Franchise Realty*. The Borough, in its imposition of the service road condition, cited no authority pertaining to the condition imposed. Similarly, the Borough directs us to no provision in its development ordinance that would permit conditions relating to ingress and egress. In its brief, the Borough relies on Ordinance No. 230, enacted May 9, 1960 for the "power to prescribe reasonable regulations for traffic safety."[2] We note first that Ordinance No. 230 governs the construction, opening and dedication of streets in connection with subdivision and land development and contains no provisions governing access to or from existing streets. Second, even if we were to grant that the ordinance confers the broad power, argued by the Borough, to prescribe traffic safety regulations, we note that no such regulations pertaining to ingress and egress on subdivisions have been prescribed. The ordinance cannot possibly be viewed as granting authority to impose traffic safety conditions on a case by case basis with no guidelines, particularly where, as here,

2 Brief for Appellant at 8.

the condition denies a constitutionally protected property right. *See Hardee's Food Systems, Inc. v. Department of Transportation,* 495 Pa. 514, 434 A.2d 1209 (1981).

Affirmed.

ORDER

Now, May 16, 1983, the order of the Court of Common Pleas of Allegheny County, dated June 11, 1982, is hereby affirmed.