| | | |
|---|---|---|
| PC Land LLC | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | |
| | : | |
| Board of Commissioners of Bethlehem | : | |
| Township, Amanda Raudenbush, | : | |
| Bethlehem Township Planning Director, | : | |
| Bethlehem Township Community | : | No. 21 C.D. 2023 |
| Development Department, and | : | |
| Frank Krempasky, Construction | : | |
| Code Officer, | : | |
| Appellants | : | |
| | : | |
| PC Land LLC | : | |
| | : | |
| v. | : | No. 54 C.D. 2023 |
| | : | |
| Board of Commissioners of | : | Argued: June 4, 2024 |
| Bethlehem Township, | : | |
| Appellant | : | |

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE McCULLOUGH                                    FILED: July 5, 2024

In these consolidated land use and mandamus appeals, the Board of Commissioners (Board) of Bethlehem Township, Amanda Raudenbush, Bethlehem Township Planning Director, Bethlehem Township Community Development Department, and Frank Krempasky, Construction Code Officer (Appellants) appeal from the order entered in the Court of Common Pleas of Northampton County (trial court) on December 21, 2022, which struck as unlawful a condition the Board placed on its conditional final approval of the land development plan filed by PC Land LLC

(Appellee) and directed Appellants to review and process all building permit applications submitted by Appellee without regard to its securing of a Highway Occupancy Permit (HOP) from the Pennsylvania Department of Transportation (PennDOT). After careful review, we affirm.

## I. Background

This appeal concerns a 62-acre parcel of land owned by Appellee located within the Office/Business zoning district in Bethlehem Township (Township). Appellee is developing the parcel into a 500,000-square-foot manufacturing/industrial complex comprised of four buildings known as Penn Center 33, and the use is permitted in the zoning district as a conditional use. In August of 2020, the Board conditionally granted Appellee's zoning application for the project.

On November 15, 2021, the Board granted approval of Appellee's preliminary development plan subject to several conditions, including requiring Appellee to obtain all outside agency permits and approvals before presenting its final land development plan for signatures (November 2021 Resolution). (Reproduced Record (R.R.) at 664a.) Appellee accepted the conditions in writing, and it obtained all outside agency permits necessary to begin construction except for the HOP from PennDOT. (R.R. at 662a.)

The Board initially granted conditional final approval of Appellee's land development plan on July 5, 2022, subject to 19 conditions. Appellee found all of the conditions acceptable except for Condition No. 15, which required it to obtain all outside agency permits and approvals before presenting its final land development plan for signatures. (R.R. at 761a.) Appellee requested removal of this condition because although it had filed its HOP application with PennDOT in May of 2021, the agency had not yet issued the permit and modifications were still underway. (Supplemental

2

Reproduced Record (S.R.) at 71b.) In the interim, PennDOT provided Appellee with a temporary access permit for construction, which it has used to perform site-work including excavation at the property. (S.R. at 89b.) However, when Appellee submitted applications for building permits to the Township, it declined to process them until all conditions of approval were met, including issuance of the HOP.

The Board did not change its position regarding Condition No. 15, and, on August 1, 2022, it approved a resolution granting conditional final approval of the land development plan (August 2022 Resolution). The August 2022 Resolution provided in relevant part as follows:

> **WHEREAS**, the applicant, PC Land, LLC has submitted a Final Land Development Plan application and plan titled "FINAL LAND DEVELOPMENT PLANS FOR PC LAND, LLC PROPOSED 'PENN CENTER 33'" . . . ; and
>
> **WHEREAS**, the proposed Final Plan meets the definition of a Final Plan as defined by Township Subdivision and Land Development Ordinance (SALDO)[1] Section 230-22; and
> . . . .
>
> **WHEREAS, the Bethlehem Township Board of Commissioners desires to take final action on this Plan**.
>
> **NOW THEREFORE BE IT AND IT IS HEREBY RESOLVED BY** the Board of Commissioners of Bethlehem Township, County of Northampton, and Commonwealth of Pennsylvania:
>
> **I. Conditions of Approval**
> That the "FINAL LAND DEVELOPMENT PLANS FOR PC LAND, LLC PROPOSED 'PENN CENTER 33'" . . . be

---

[1] Code of the Township of Bethlehem, Chapter 230, Subdivision and Land Development Ordinance, *as amended*, added by Ordinance of February 6, 1989.

hereby approved subject to the following conditions and provided the plan is revised as follows:

. . . .

15. **The applicant shall obtain all required permits and approvals from other governmental agencies** including but not limited to the Easton Suburban Water Authority, Bethlehem Township Municipal Authority, Pennsylvania Department of Environmental Protection, Northampton County Conservation District, **Pennsylvania Department of Transportation**, United States Army Corps of Engineers, etc. . . . **prior to presenting the Final Plan for signatures**.

. . . .

21. **The applicant shall accept these conditions in writing, within five (5) days** of receipt of the Board of Commissioners resolution, **otherwise the application is denied**[.] . . .

**ADOPTED AND APPROVED** this 1st day of August, 2022 at a regular public meeting.

(R.R. at 550a-52a) (emphasis added). Therefore, under the terms of the August 2022 Resolution, the Board's approval of the project would be automatically reversed if Appellee did not accept the conditions of approval by August 6, 2022.

On August 4, 2022, Appellee filed a land use appeal in the trial court and a contemporaneous complaint in mandamus seeking to compel the Township to process its building permit applications notwithstanding that the HOP remained outstanding. Appellee then filed a motion for peremptory judgment predicated on its mandamus claim.[2]

On August 5, 2022, the trial court entered an order temporarily staying all action related to Appellee's final land development plan. Appellants moved to vacate

---

[2] *See* Pa.R.Civ.P. 1098 (governing peremptory judgments and providing: "[a]t any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear").

4

the stay and quash the land use appeal, arguing the Board did not issue a final, appealable decision. Following oral argument, the trial court entered an order denying Appellants' motion on September 12, 2022, based on its conclusion that it did have jurisdiction over the case because the Board's conditional final approval of Appellee's land development plan constituted an appealable decision. It further explained that the August 2022 Resolution "is tantamount to a decision because it reflects the adjudication of Board. As such, [] appeal of the resolution was proper." (R.R. at 1090a.)

On October 25, 2022, the trial court held oral argument on the land use appeal and the motion for peremptory judgment in mandamus. On December 21, 2022, it issued an order addressing both matters in which it struck Condition No. 15 from the conditional final land development approval as unlawful "to the extent it prevents Bethlehem Township from signing the final plans as approved." (Trial Ct. Order, 12/21/22, at 2.) The trial court found the condition exceeded the requirements of the SALDO, the Pennsylvania Municipalities Planning Code (MPC),[3] and the Uniform Construction Code (UCC)[4] by requiring Appellee to secure a HOP from PennDOT before it could obtain a building permit. (*Id.*) In doing so, the trial court noted that the relevant provisions require only that the final plan contain a notice that a HOP is needed before it is approved.[5] As to the mandamus action, the trial court granted Appellee's

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[4] Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. §§ 7210.101–7210.1103. The Township adopted the UCC as its municipal building code in Section 110-2 of its Ordinance.

[5] *See* Section 508 of the MPC ("No plat which will require access to a highway under the jurisdiction of [PennDOT] shall be finally approved unless the plat contains a **notice** that a [HOP] is required[.]"), 53 P.S. § 10508(6) (emphasis added). Similarly, Section 403.63(d) of the UCC provides that "[a] building code official may not issue a permit for any property requiring access to a highway **(Footnote continued on next page…)**

motion for peremptory judgment and directed Appellants to review, process, and decide all building permits submitted by Appellee within 30 days from the date of application, without first requiring issuance of the HOP. *Id.* This relief was conditioned on Appellee posting a bond of approximately $5,000,000.00 as security to protect the Township's interests.

Appellants timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b). The trial court issued an opinion on February 17, 2023. *See* Pa.R.A.P. 1925(a). This Court granted Appellants' unopposed application to consolidate the land use and mandamus appeals on April 6, 2023.[6]

## II.   Land Use Appeal[7]

### A. Jurisdiction

---

under [PennDOT's] jurisdiction unless the permit contains **notice** that a [HOP] is required[.]" 34 Pa. Code § 403.63(d) (emphasis added). The SALDO likewise requires a developer's final plan to include the following **notation**: "If access will be provided onto a state highway, access to a state highway shall only be provided in compliance with a PennDOT [HOP]." SALDO ch. 230, art. VI, § 230-34(B)(3)(a).

[6] The appeal triggered an automatic stay of the trial court's order and the Township returned Appellee's applications for building permits, declining to act on them during pendency of the appeal. *See* Pa.R.A.P. 1736(b) (governing automatic supersedeas). The trial court granted Appellee's petition to vacate the automatic supersedeas on March 23, 2023. On appeal, this Court granted Appellants' petition to reinstate the supersedeas in part and denied it in part, and found that the trial court did not err in vacating the automatic supersedeas as it related to the HOP condition. *PC Land LLC v. Board of Commissioners of Bethlehem Township* (Pa. Cmwlth., Nos. 21, 54 C.D. 2023, filed May 23, 2023) (Cohn Jubelirer P.J.) (single-judge op.)

[7] In a land use appeal, where the trial court has not taken any additional evidence, this Court's standard of review is limited to a determination of whether the governing body has committed an error of law or abused its discretion. *Koller v. Weisenberg Township.*, 871 A.2d 286, 289 n.2 (Pa. Cmwlth. 2005).

6

Appellants first contend that the trial court lacked jurisdiction over Appellee's land use appeal as the August 2022 Resolution does not constitute a final, appealable decision. According to Appellants, the appeal was premature because the Board had not taken any action, such as issuing a rejection letter, that constitutes a final adjudication on Appellee's final land development plan. (Appellants' Br., at 16-23.)[8]

We begin by observing that in interpreting statutes, our object is to ascertain and effectuate the intention of the General Assembly, and we look to the plain language of the statute as the primary indicator of the legislature's intent. *Narberth Borough*, 915 A.2d at 634. We therefore employ other principles of statutory construction only where the plain language of the statute, standing alone, leaves room for doubt as to its intended meaning. *Id.*

Section 1002-A(a) of the MPC provides in relevant part: "All appeals from all land use decisions . . . shall be taken to the court of common pleas of the judicial district wherein the land is located[.]" 53 P.S. § 11002-A(a), added by the Act of December 21, 1988, P.L. 1329. The term "Decision" is defined as a "final adjudication of any board or other body granted jurisdiction under any land use ordinance or this act to do so, either by reason of the grant of exclusive jurisdiction or by reason of appeals from determinations." Section 107 of the MPC, 53 P.S. § 10107.

With respect to land development approvals by a municipality, we have explained that where a plan is approved with conditions that are not accepted by the developer, the conditional approval constitutes a rejection of the application. *Stauffer v. Weisenberg Township Board of Supervisors*, 934 A.2d 783, 786 (Pa. Cmwlth. 2007).

---

[8] Because Appellants' issue involves interpretation of the MPC and presents a question of law, our standard of review is *de novo* and our review is plenary. *Narberth Borough v. Lower Merion Township*, 915 A.2d 626, 634 (Pa. 2007).

Under such circumstances, the developer's **sole remedy** is to appeal to the trial court for a determination of whether the objected-to condition is legal. *Id.*; *see also In re Busik*, 759 A.2d 417, 421 (Pa. Cmwlth. 2000) (*en banc*) (stating if governing body imposes condition applicant believes is illegal or otherwise unacceptable, applicant has the right not to accept and to appeal denial of application to court of common pleas).

Here, a reading of the plain language of the August 2022 Resolution demonstrates its finality, in that the Board must take no additional action concerning Appellee's project, as it declared in approving it that "the Bethlehem Township Board of Commissioners desires to take final action on this Plan." (R.R. at 550a.) The document also includes a provision automatically rescinding the Board's final approval if Appellee declined to accept the conditions within the prescribed five-day period. Thus, by its very terms, the August 2022 Resolution reflects that it constituted a final decision on Appellee's development plan, that no further action on the Board's part was needed, and that because Appellee believed that Condition No. 15 was unacceptable, its sole remedy was to file an appeal in the trial court. *See Stauffer*, 934 A.2d at 786. Therefore, we agree with the trial court's determination that the August 2022 Resolution constituted a final, appealable decision over which it properly exercised jurisdiction.

## B. Waiver

Appellants also maintain that Appellee waived its challenge to the validity of Condition No. 15 by failing to object to it during the preliminary land development approval process. Appellants contend that, because Appellee did not challenge imposition of the condition at that stage of the process and accepted it in writing as part of the November 2021 Resolution, Appellee has waived its right to contest this condition. (Appellants' Br., at 23-26.) The trial court, however, found that

8

Appellants' waiver argument is inapplicable under the circumstances of this case. (Trial Ct. Op., 2/17/23, at 4-5.)

Appellants are correct that, in general, the acceptance of conditions imposed on a development project constitutes a waiver of future challenges to those conditions. *In re Busik*, 759 A.2d at 421; *see also Bonner v. Upper Makefield Township*, 597 A.2d 196, 201 (Pa. Cmwlth. 1991) (holding subdivider's choice not to reject condition and appeal constituted waiver of any challenge to validity of condition).

Here, Condition No. 15 provides: "The applicant shall obtain all required permits and approvals from other governmental agencies including but not limited to . . . [PennDOT] . . . prior to presenting the Final Plan for signatures." (R.R. at 551a.) Nothing in the plain language of Condition No. 15 itself prohibits the Township from issuing building permits before PennDOT issues the HOP. In fact, the express terms of the provision do not even reference building permits. Because Appellee is clearly challenging Appellants' interpretation and application of Condition No. 15 as it relates to building permits as the project progressed, rather than the express terms of the condition on its face, we agree with the trial court that Appellants' waiver argument is inapplicable. This is not an instance where the developer knew from the outset that a condition was unacceptable and failed to object to it in a timely manner. Instead, Appellee challenged Condition No. 15 as applied to the building permit process before the Board adopted the August 2022 Resolution and properly preserved the issue for appeal.

## C. Validity of Condition No. 15

Appellants next advance arguments in support of their position that the trial court erred in striking Condition No. 15 as unlawful. The crux of Appellants'

claim is that the condition is entirely appropriate under relevant case law, that it does not exceed the requirements of the MPC, the UCC, or the SALDO, and that the condition is reasonable and economically feasible. (Appellants' Br., at 27-37.)

We begin by noting that a municipality may approve a land development plan subject to conditions only if those conditions are accepted by the applicant. *Montgomery Township v. Franchise Realty Interstate Corp.*, 422 A.2d 897, 898 (Pa. Cmwlth. 1980). A municipality cannot withhold approval of a land development plan that conforms to its land development regulations, nor can it "condition its approval of the plan upon the developer **meeting a standard not contained in its regulations**." *Id.* (emphasis added).

In evaluating conditions imposed by a municipality, the trial court "may consider whether the conditions are appropriate to effectuate compliance with relevant statutes and ordinances and, if so, whether the objected-to conditions are reasonable in order to make the plan be in compliance." *Joos v. Board of Supervisors of Charlestown Township*, 237 A.3d 624, 632 (Pa. Cmwlth. 2020) (*en banc*). Conditions must be reasonable and economically feasible, and the trial court may strike conditions that are not legal. *Id.*; *see also Doran Investments v. Muhlenberg Township*, 309 A.2d 450, 459 (Pa. Cmwlth. 1973).

Here, as noted above, the relevant provisions of the MPC, the UCC, and the SALDO all require only a notation of a developer's need for a HOP for driveway access to the site for approval. Specifically, Section 508 of the MPC provides in pertinent part that: "No plat which will require access to a highway under the jurisdiction of [PennDOT] shall be finally approved unless the plat contains a **notice** that a [HOP] is required . . . before driveway access to a State highway is permitted." 53 P.S. § 10508(6) (emphasis added). Similarly, Section 403 of the UCC provides that:

10

"A building code official may not issue a permit for any property requiring access to a highway under [PennDOT's] jurisdiction unless the permit contains **notice** that a [HOP] is required . . . before driveway access to a Commonwealth highway is permitted." 34 Pa. Code § 403.63(d) (emphasis added). Lastly, Section 230-34(3)(a) of the SALDO sets forth the requirements for final land development plans and states:

> § 230-34. **Final plan requirements**.
> . . . .
>
> (3) **Required plan notations**. **The following wording shall be required to be placed on any final subdivision or land development plan**, as applicable:
>
> (a) If access will be provided onto a state highway, access to a state highway shall only be provided in compliance with a PennDOT [HOP].

SALDO § 230-34(B)(3)(a) (emphasis added).

None of these provisions, by their express terms, require a delay in the approval of a final land development plan or in the construction of a project pending actual issuance of a HOP by PennDOT. Likewise, nothing in the language of the enactments mandate that a HOP must be obtained by an applicant before the municipality can issue building permits. To the contrary, all of these provisions implicitly acknowledge the potentially long length of time a PennDOT HOP may take to issue and provide a mechanism for bypassing any delay by requiring only a notation of the need for the permit, without impacting the timing of approval at the municipal level.

This finding falls directly in line with this Court's longstanding precedent that a municipality cannot deny a land development application based on an applicant's failure to comply with laws or regulations overseen by outside governmental agencies. *BR Associates v. Board of Commissioner of Township of Upper St. Clair*, 136 A.3d

11

548, 557-58 (Pa. Cmwlth. 2016). We have explained that a municipality's grant of final plan approval subject to the issuance of required state permits reflects the fact that the developer has satisfied the municipality's land use requirements and has outstanding issues only with an outside agency. *Id.*

Based on the foregoing, we agree with the trial court that the Board exceeded its authority under the MPC, the UCC, and the SALDO in applying Condition No. 15 to require Appellee to obtain the HOP before it will issue building permits, instead of requiring a simple notation on the final land development plan. The record does not support the condition as "appropriate to effectuate compliance with relevant statutes and ordinances" or demonstrate that it is "reasonable in order to make the plan be in compliance." *Joos*, 237 A.3d at 632. To the contrary, the record reflects that the Township's delay in issuing the building permits is unreasonable and not economically feasible, in that it has caused Appellee to shoulder a significant increase in construction costs and has jeopardized the viability of the entire project. Accordingly, we affirm the trial court's order as it relates to the land use appeal.

### III. Mandamus Action[9]

Appellants next challenge the trial court's grant of mandamus relief in the form of a peremptory judgment where Appellee's right to relief with respect to issuance of the building permits without first obtaining a HOP is far from clear and unconditional. Appellants maintain that this remedy is inappropriate where the Township acted in good faith with respect to Appellee's building permit applications and within the exercise of its legitimate jurisdiction. (Appellants' Br., at 38-46.)

---

[9] "Our scope of review in a mandamus action is limited to determining whether the trial court abused its discretion, committed an error of law or whether sufficient evidence exists to support the findings." *County of Carbon v. Panther Valley School District*, 61 A.3d 326, 331 n.3 (Pa. Cmwlth. 2013). "Our standard of review of a trial court's grant of mandamus is *de novo*." *Id.*

12

The common law writ of mandamus lies to compel the performance of a ministerial act or mandatory duty, and the burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right thereto. *Baron v. Commonwealth Department of Human Services*, 169 A.3d 1268, 1273 (Pa. Cmwlth. 2017) (*en banc*). To establish a claim for mandamus, a petitioner must demonstrate: "(1) a clear legal right to relief in the petitioner; (2) a corresponding duty in the respondent; and[] (3) the lack of any other adequate and appropriate remedy." *Id.* Mandamus is a mechanism that is available in our system to compel a tribunal or administrative agency to act when that entity has been "sitting on its hands." *Id.* Additionally, the entry of peremptory judgment is appropriate "only where there exists no genuine issue of material fact, and where the case is clear and free from doubt." *Dusman v. Board of Directors of Chambersburg Area School District*, 113 A.3d 362, 372 (Pa. Cmwlth. 2015).

Significantly, the Pennsylvania Supreme Court has prescribed mandamus as an appropriate means by which to secure issuance of building permits under circumstances "where the right to the permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to compel performance." *Arrowhead ECD Properties, LLC v. Zoning Hearing Board of West Pikeland Township*, 301 A.3d 1005, 1008 (Pa. Cmwlth. 2023) (quoting *Lhormer v. Bowen*, 188 A.2d 747, 748 (Pa. 1963)). However, a writ may not be used to control a public official's exercise of discretion or to compel the revocation of an action when taken in good faith and in the exercise of legitimate jurisdiction. *Williams v. Worley*, 847 A.2d 134, 137 (Pa. Cmwlth. 2004).

Here, as discussed at length above, Appellants' refusal to review any of Appellee's building permit applications until it obtained the HOP was inconsistent with

13

the relevant provisions of the MPC, the UCC, and the SALDO. Despite the fact that these enactments require only that the development plan contain a notice that a HOP is needed in order to gain final approval, the Township has failed to provide a reasonable justification to support its refusal to process Appellee's permit applications. Further, the practical reality of the circumstances of this case where PennDOT has already issued Appellee a temporary access permit for construction and site work has been performed, along with Appellee's posting of a nearly $5,000,000.00 bond to protect the Township's interests, further detracts from the reasonableness of Appellants' refusal to act on the building permits.[10]

Accordingly, for the reasons discussed above, we affirm the trial court's grant of peremptory judgment in mandamus.

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] To the extent Appellants contend that Appellee's mandamus action is barred because the adequate remedy of filing a land use appeal is available (while simultaneously maintaining that the land use appeal is premature), we disagree. (Appellants' Br., at 45-46.) Section 910.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, provides that: "Nothing contained in this article shall be construed to deny the appellant the right to proceed directly to court where appropriate, pursuant to the Pennsylvania Rules of Civil Procedure 1091 (relating to action in mandamus)." 53 P.S. § 10910.1; *see also Stoner v. Township of Lower Merion*, 587 A.2d 879, 881 (Pa. Cmwlth. 1991) (holding that under the MPC, mandamus continues to be available to landowner as remedy even where land use appeal is available). The trial court therefore appropriately considered the mandamus action.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PC Land LLC                              :    **CASES CONSOLIDATED**
                                         :
          v.                             :
                                         :
Board of Commissioners of Bethlehem      :
Township, Amanda Raudenbush,             :
Bethlehem Township Planning Director,    :
Bethlehem Township Community             :    No. 21 C.D. 2023
Development Department, and              :
Frank Krempasky, Construction            :
Code Officer,                            :
                    Appellants           :
                                         :
PC Land LLC                              :
                                         :
          v.                             :    No. 54 C.D. 2023
                                         :
Board of Commissioners of               :
Bethlehem Township,                      :
                    Appellant            :


## _ORDER_


        AND NOW, this 5th day of July, 2024, the December 21, 2022 Order
of the Court of Common Pleas of Northampton County is hereby AFFIRMED.


                              _____
                              PATRICIA A. McCULLOUGH, Judge